IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

**FILED**
MAY 17 2004
LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Jason Carter, ) | Civil Action No. 04: CP-03-109 |
| Plaintiff, ) | |
| v. ) | 1 04 1560 24 |
| BASF, ) | |
| Defendant. ) | |

### NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA:

THE CLERK OF COURT FOR ALLENDALE COUNTY
(RE: C.A. NO. 04-CP-03-109)

AND

MARK D. BALL, ESQ.
Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A.
P.O. Box 457
Hampton, SC 29924-0457

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1446(a), the Defendant hereby removes this case to the United States District Court for the District of South Carolina (Aiken Division), based upon the following grounds:

1. This action was commenced in the Court of Common Pleas for Allendale County, State of South Carolina, on April 22, 2004, and was assigned C.A. No. 04-CP-03-109.

2. Said State Court lies within the division of the United States District Court wherein this notice of removal is filed.

3. Pursuant to 28 U.S.C. §1446(b), this notice of removal is filed within thirty (30) days after defendant BASF's receipt, on or about April 22, 2004, through service of the initial



pleadings (summons and complaint) setting forth the claim for relief upon which this action is based.

4. Upon information and belief, Plaintiff was at the time of the commencement of this action and is now a South Carolina resident.

5. The defendant, BASF Corporation, was at the time of the commencement of this action and is now a corporation organized and existing under and by virtue of the laws of a jurisdiction other than South Carolina and having its principal place of business in a jurisdiction other than South Carolina.

6. The undersigned, on behalf of BASF, has reviewed Plaintiff's Complaint in the above-captioned matter to determine the amount in controversy in this case. The Complaint itself purports to limit Plaintiff's damages to just under the jurisdictional minimum of $75,000. However, the fact that Plaintiff has stated an amount under the jurisdictional minimum limit in the *ad damnum* clause of his complaint does not preclude removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410-11 (5th Cir. 1995), *cert denied* 516 U.S. 865. The Court is not limited by the amount pleaded in the complaint when considering whether the actual amount in controversy exceeds the jurisdictional minimum limit. Further, the amount set forth in the *ad damnum* clause of the complaint is, under South Carolina law, not in any way binding and in no way limits the amount Plaintiff may recover upon proper proof of his damages. S.C.R.C.P. 54(c). South Carolina has adopted liberal rules of amendment under which the pleadings may be amended, even after judgment, to conform to the evidence presented in the case. S.C.R.C.P. 15(b).

7. Claims for punitive damages must also be considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943). Under South Carolina law, "[t]he amount of damages, actual or punitive, remains largely within the discretion of the jury, as reviewed by the trial judge." *Gamble v. Stevenson*, 406 S.E.2d 350, 355 (S.C.

1991). Significantly, it has recently been stated by a member of this Court that "the plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages . . . ." *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp 2d 530, 532 (D.S.C. 1999) (noting that large punitive awards were especially seen in cases of large corporations and noting that punitive damages of over 200 times out-of-pocket expenses were held not to violate due process).

8.  Because of the allegations in Plaintiff's complaint, the minimum statutory amount in controversy limit is satisfied despite Plaintiff's pleading to the contrary. In his complaint, Plaintiff alleges causes of action for breach of express and implied warranties and negligence. According to Plaintiff, he suffered "damage to his nursery stock as a result of this defective herbicide that caused him to lose revenues, incur cost as well as suffer other damages to his reputation among wholesalers and distributors." Complaint, ¶ 5. Plaintiff demands both actual and punitive damages in his *ad damnum* clause. Based on the nature of the dispute, the causes of action plead, and the damages and relief sought, the undersigned, on behalf of Defendant, believes in good faith that if Plaintiff is successful on his claims the amount in controversy in this matter will exceed the sum of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs. The amount in controversy is determined "by considering what would be a reasonably probable high-end award in cases similar to the one in question." *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914 F. Supp. 1430, 1432 n.5 (E.D. Tex. 1995).

9.  This action is a civil action and the controversy exists wholly between parties of different states and, based upon Plaintiff's claims, the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars.

3

10. As required by 28 U.S.C. §1446(a), attached hereto are copies of the following documents, which are all of the process, pleadings, and orders heretofore served upon Defendant in this action.

Summons

Complaint

11. Pursuant to 28 U.S.C. §1446(d) and Local Rule 83.IV.01, D.S.C., copies of this notice of removal are today being served upon all adverse parties and delivered to the Clerk of the Court of Common Pleas for Allendale County, South Carolina for filing, as will be seen by reference to the attached certificate.

HAYNSWORTH SINKLER BOYD, P.A.

By: _____
Thomas R. Gottshall, Fed. ID No. 2406
Franklin H. Turner, III, Fed. ID No. 7472
1201 Main Street, Suite 2200 (29201-3226)
PO Box 11889
Columbia, SC 29201-1889
Phone (803) 779-3080
Fax (803) 765-1243
*Attorneys for Defendant BASF Corporation*

May 17, 2004
Columbia, SC

\\COLA1\SYS\DATA\Litigate\16125\Carter\Pleadings\Notice of Removal.doc  5/11/04 5:24 PM

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF ALLENDALE ) | CIVIL ACTION NO.: 04-CP-03-109 |
| ) | |
| Jason Carter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **_SUMMONS_** |
| ) | *Defective Herbicide* |
| BASF           , ) | (JURY TRIAL DEMANDED) |
| ) | |
| Defendants. ) | |

TO: DEFENDANTS AS NAMED ABOVE.

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint on the subscribed at their office, 303 First Street East, Hampton, South Carolina 29924 within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in this Complaint.

PETERS, MURDAUGH, PARKER,<br>
ELTZROTH & DETRICK, P.A.<br><br>
By: _____<br>
MARK D. BALL, ESQ.<br>
303 First Street East<br>
Post Office Box 457<br>
Hampton, SC 29924<br>
(803) 943-2111

April 10, 2004.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ALLENDALE ) | CIVIL ACTION NO.: 04-CP-03-109 |
| Jason Carter, ) | |
| Plaintiff, ) | |
| Vs. ) | **COMPLAINT** |
| ) | *Defective Herbicide* |
| BASF, ) | (JURY TRIAL DEMANDED) |
| Defendant. ) | |

Plaintiff alleges:

## FOR A FIRST THEORY OF RECOVERY

1. The defendant, BASF is a corporation organized and existing under the laws of a state other than South Carolina but is subject to the jurisdiction of this court.

2. The plaintiff is a South Carolina nurseryman; that in March, 2001, the plaintiff purchased the herbicide, Pendulum for use as a vegetative control in his ornamental plantings; that the Pendulum purchased by the plaintiff was manufactured and places into the market place by the defendant; that prior to spraying Pendulum, the plaintiff inquired as to the labeled uses as well as its appropriateness for use around and near ornamentals; that the defendant's representatives made representation to the plaintiff that the herbicide he was purchasing was of the highest quality and capable of producing the results sought by the plaintiff with no danger to the ornamentals themselves

3. The herbicide sold by the defendants was defective; that about a month after the herbicide was applied, the plaintiff's ornamentals began to develop dark areas around the base of the plant which later developed into necrotic areas where the Pendulum had made contacted with the plants.

4. The herbicide sold by the defendants was not merchantable and as such the sale of the defective herbicide by the defendants breached expressed and implied warranties.

5. The plaintiff suffered damage to his nursery stock as a result of this defective herbicide that caused him to lose revenues, incur cost as well as suffer other damages to his reputation among wholesalers and distributors of ornamental nursery stock which he would not have incurred had the defendants sold a merchantable herbicide.



## FOR A SECOND THEORY OF RECOVERY

6. The allegations of the First Theory of Recovery are incorporated hereinafter as if rewritten.

7. The defendants were negligent and reckless in the following ways:

   a. In failing to properly inspect the herbicide prior to selling it for the plaintiff's known use.

   b. In failing to properly test their herbicide it on the market for use in the nursery business.

   c. In failing to properly warn nurserymen of the dangers and risks associated with the defective herbicide on ornamental plants.

   d. In failing to adequately train or supervise its agents or employees in the marketing and sale of the defective herbicide.

   e. Misrepresentation.

8. The acts and omissions of the defendant described in this complaint were carried out negligent disregard for the rights and property of the plaintiff.

## JURY TRIAL DEMANDED

9. The plaintiff demands a jury trial.

WHEREFORE, the plaintiff prays for judgment for actual damages, punitive damages and cost of this action all in an amount less than seventy-four thousand five hundred ($74,500.00) dollars.

MB#3

PETERS, MURDAUGH, PARKER,<br>
ELTZROTH & DETRICK, P.A.

By: _____<br>
MARK D. BALL, ESQ.<br>
303 First Street East<br>
Post Office Box 457<br>
Hampton, SC 29924<br>
(803) 943-2111

April 10, 2004.

## CERTIFICATE OF SERVICE AND FILING WITH STATE COURT

I, Franklin H. Turner III, attorney for defendant BASF Corporation, hereby certify that I am this date serving the attached Notice of Removal upon plaintiff Jason Carter by causing a copy thereof to be mailed postage-paid to plaintiff's attorneys at their last known address as listed below.

I further certify that I am this date causing a copy of the said Notice of Removal to be mailed to the Clerk of Court for Allendale County for filing in accordance with 28 U.S.C. § 1446(d).

							_____
							Franklin H. Turner III
							Federal ID No. 7472

Columbia, South Carolina

May 17, 2004

Mailed to:

Mark D. Ball, Esquire
Peters Murdaugh, Parker, Eltzroth & Detrick, P.A.
PO Box 457
Hampton, SC  29924-0457