IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

**FILED**

MAY 17 2004

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | | |
|---|---|---|
| Jason Carter, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1  04  1560  24 |
| | ) | |
| BASF, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF BASF CORPORATION

Defendant BASF Corporation ("BASF") answers Plaintiff's complaint as follows, noting that each allegation not specifically admitted by BASF is denied.

### FOR A FIRST DEFENSE

1. In response to the allegations of Paragraph 1, BASF admits that it is a corporation organized and existing under the laws of a state other than South Carolina. BASF currently lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 and therefore denies the same and demands strict proof thereof.

2. BASF lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 and therefore denies the same and demands strict proof thereof.

3. BASF denies the allegations contained in Paragraph 3.

4. BASF denies the allegations contained in Paragraph 4.

5. BASF denies the allegations contained in Paragraph 5.

6. In response to the allegations of Paragraph 6, BASF incorporates the allegations of Paragraphs 1 through 5 as if restated here verbatim.

7. BASF denies the allegations contained in Paragraph 7, and all sub-parts thereto.



8. BASF denies the allegations contained in Paragraph 8.

9. BASF acknowledges Plaintiff has demanded a jury trial in Paragraph 9.

10. BASF denies the allegations of the "wherefore" clause.

## AFFIRMATIVE DEFENSES

11. Subject to and without waiver of the denials and allegations of the above paragraphs, and incorporating the same by reference, this defendant alleges the following affirmative defenses to Plaintiff's complaint.

## FOR A SECOND DEFENSE

12. Plaintiff has failed to state facts sufficient to constitute a cause of action against this defendant and, accordingly, this action should be dismissed.

## FOR A THIRD DEFENSE

13. Plaintiff's tort claims seeking to recover for economic loss are barred by the economic loss doctrine.

## FOR A FOURTH DEFENSE

14. Plaintiffs' claims are preempted, in whole or in part, by federal law.

## FOR A FIFTH DEFENSE

15. Upon information and belief, BASF has disclaimed and denied, pursuant to S.C. Code Ann. §§ 36-2-314 and –316, all express and implied warranties in this case. BASF further avers that in the event the plaintiff is adjudged to have any remedy in warranty, that remedy is limited to the terms and conditions of BASF's limited warranty.

### FOR A SIXTH DEFENSE

16.    Pursuant to 1976 South Carolina Code §36-2-719, BASF limited any damages arising from breach of warranty to direct damages, excluding consequential commercial damages such as loss of profits or values or any other special or indirect damages.

### FOR A SEVENTH DEFENSE

17.    Plaintiff failed to notify BASF of the alleged breach of warranties within a reasonable time after discovering them, thus precluding Plaintiff's recovery against BASF on his warranty claims.

### FOR AN EIGHTH DEFENSE

18.    Plaintiff's claims are barred by any misuse or improper use of the subject product, without which misuse or improper use, Plaintiff would not have suffered injury.

### FOR A NINTH DEFENSE

19.    The herbicide manufactured by this defendant included a legally sufficient warning as to proper use that, if followed, would have avoided the alleged injury in this case, if it were caused by the herbicide, which is specifically denied.

20.    As a result of this defendant's adequate warning, recovery in this action is barred.

### FOR A TENTH DEFENSE

21.    BASF's legally adequate warning as to the specific risks precludes Plaintiff's claims for breach of implied warranties, in that no implied warranties can arise in contradiction to the legally adequate warnings.

### FOR AN ELEVENTH DEFENSE

22.    BASF complied with all federal and state statutes and/or administrative regulations existing at all times pertinent hereto and such compliance raises a rebuttable presumption that the subject product was not in a defective or unreasonably dangerous condition.

## FOR A TWELFTH DEFENSE

23. Plaintiff has failed to mitigate his damages and, accordingly, his claims are barred in whole or in part.

## FOR A THIRTEENTH DEFENSE

24. Plaintiff's alleged damages, if any, are the result of his own negligence, recklessness, willfulness and/or wantonness and, accordingly, he is barred from recovery by the doctrine of comparative negligence.

## FOR A FOURTEENTH DEFENSE

25. Plaintiff's recovery should be reduced by virtue of his own comparative negligence, recklessness, willfulness and/or wantonness.

## FOR A FIFTEENTH DEFENSE

26. The injuries and damages claimed by plaintiff were the result of independent, intervening, and superseding causes and, accordingly, recovery is barred.

## FOR A SIXTEENTH DEFENSE

27. The damages suffered by plaintiff were the direct result of acts of God and the forces of nature and, accordingly, recovery is barred.

## FOR A SEVENTEENTH DEFENSE

28. Plaintiff's claims are barred by the doctrine of unclean hands, laches, waiver and/or estoppel.

## FOR AN EIGHTEENTH DEFENSE

29. With respect to plaintiff's demand for punitive damages, this Defendant pleads and incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damage awards set out by the Supreme Court of the United States, together with all such standards applicable under state law.

### FOR A NINETEENTH DEFENSE

30.     An award of punitive damages against BASF in this case would violate this defendant's rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and similar provisions of the South Carolina Constitution.

### FOR A TWENTIETH DEFENSE

31.     Punitive damages are not available under South Carolina law for causes of action sounding in warranty.

### FOR A TWENTY-FIRST DEFENSE

32.     Punitive damages are punishment, a quasi criminal sanction, and this Defendant has not been afforded the specific procedural safeguards prescribed in the Sixth Amendment to the United States Constitution and in the Constitution of South Carolina.

### FOR A TWENTY-SECOND DEFENSE

33.     Upon information and belief, plaintiff was a sophisticated user of herbicides and products designed to control vegetation.

### FOR A TWENTY-THIRD DEFENSE

34.     Venue is improper because, pursuant to S.C. Code Ann. § 15-7-10, injuries to real property must be tried in the county in which the real property is located, and, because the trees in question are, upon information and belief, located in Richland County, this matter should properly be heard by the Columbia Division.

### FOR A TWENTY-FOURTH DEFENSE

35.     BASF denies that the subject Pendulum was defective or unreasonably dangerous at the time it left BASF's control or possession. In the event this Pendulum is found to be defective, and BASF denies that it is, BASF states that any such defect was caused by subsequent unforeseen alterations, changes, or both.

5

## FOR A TWENTY-FIFTH DEFENSE

36. Plaintiffs' claims are barred by the applicable Statute of Limitations. To the extent that plaintiff's claims are nor barred entirely by the pertinent statute of limitations, they are limited to damages not precluded by the pertinent statute of limitations.

## FOR A TWENTY-SIXTH DEFENSE

37. BASF intends to rely upon any and all other available defenses as may be developed through discovery and the evidence.

WHEREFORE, Defendant BASF prays that the complaint be dismissed with prejudice and that Defendant BASF be awarded the costs of this action.

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

By:_____
Thomas R. Gottshall, Fed. ID No. 2406
Franklin H. Turner, III, Fed. ID No. 7472
1201 Main Street, Suite 2200 (29201-3226)
PO Box 11889
Columbia, SC 29201-1889
Phone (803) 779-3080
Fax (803) 765-1243
*Attorneys for Defendant BASF Corporation*

May 17, 2004
Columbia, SC

\\COLA1\SYS\DATA\Litigate\16125\16\Pleadings\Answer federal court.doc   5/14/04 9:04 AM

## CERTIFICATE OF SERVICE

I, the undersigned employee for Haynsworth Sinkler & Boyd, P.A., do hereby certify that I have caused the enclosed document(s) to be served on the attorney for the other parties thereof by first class mail, postage prepaid, at the address(es) shown below.

*Louisa H. Gantt*
Louisa H. Gantt

**Date:** May 17, 2004

**Document(s):** Answer of BASF Corporation

**By Mail:** Mark D. Ball, Esquire
Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A.
PO Box 457
Hampton, SC  29924
*Attorneys for Plaintiffs*

I:\Litigate\16125\16\Pleadings\CERTSERV LHG 2.doc  5/17/2004 1:34 PM